UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONALD N. LEBED, SR.,
    Plaintiff,

v.	Case No. 5:23-cv-414-KKM-PRL

UNITED STATES POSTAL
INSPECTOR SERVICE, et al.
    Defendants.
_____

## ORDER

Ronald N. Lebed, Sr., a Florida prisoner proceeding in forma pauperis, filed a pro se complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against five employees of the United States Postal Inspector Service. As required by law, the Court must screen the complaint. *See* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding under the same circumstances). Pro se pleadings must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**I.**	**Plaintiff's Allegations**

Lebed sues the Chief Postal Inspector, an information specialist, two analysts, and an attorney of the United States Postal Inspector Service in their individual and official capacities. (Doc. 1 at 2–3.) He alleges that his due process rights were violated when the defendants denied him access to public records subject to disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 551, *et seq*. (*Id*. at 4.) He attempts to bring a claim under *Bivens* for these alleged violations.

The following factual allegations derive from the complaint. On March 31, 2017, Postal Inspector Justin Moore, who is not a named defendant in this action, delivered packages containing alleged narcotics to Lebed at his residence in Beverly Hills, Florida. (*Id*. at 5.) Moore had no warrant and did not provide his badge number. (*Id*.) After the delivery, the Citrus County Sheriff's Office raided Lebed's home. (*Id*.)

Lebed was charged with trafficking in methamphetamine and possession of drug paraphernalia.[1] On March 27, 2018, Moore testified at Lebed's criminal trial in his capacity as Postal Inspector. (Doc. 1 at 5.) At no time during the trial did the government verify Moore's identity with his badge number or any other identifying markers. (*Id*.) A jury found Lebed guilty.

According to the complaint, Lebed's prosecution was fraudulent because the packages seized from his house tested negative for narcotics. (*Id*.) Lebed was denied Moore's badge number or other identifying markers, and that information

---

[1] Lebed challenges the constitutionality of his convictions in a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Lebed v. Sec'y, Dep't of Corr*., Case No. 5:20-cv-574-KKM-RPL. That action remains pending.

2

could have provided him with "insight into the policies and practices of the United States Postal Service." (*Id.*)

As a remedy to the above, Lebed seeks to obtain Moore's badge number and to recover $5,000,000.00 in punitive damages for the mental anguish and emotional distress he suffered while incarcerated. (*Id.* at 6.)

## II. Analysis

Lebed's complaint must be dismissed with prejudice because he fails to state a *Bivens* claim. A *Bivens* claim is an implied right of action for damages against a federal official who violates an individual's constitutional rights. *See Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). To state a claim under *Bivens*, a plaintiff must allege that a federal official acting under color of federal law deprived the plaintiff of one of certain rights secured by the United States Constitution. *See* 403 U.S. at 397

### A.  Official Capacity Claims

Lebed cannot state a claim for relief against the Postal Inspector Service defendants in their official capacities. "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Ishler v. Internal Revenue*, 237 F. App'x 394, 397 (11th Cir. 2007) (quoting *JBP Acquisitions, LP v. U.S. ex. Rel. FDIC*, 224 F.3d 1260, 1263 (11th Cir. 2000)). "Likewise, the protection of sovereign immunity also generally extends to the employees of those agencies sued in their official capacities." *Ishler*, 237 F. App'x at 397 (citing *Simmons v. Vinson*, 394 F.2d 732, 736 (5th Cir. 1968)). Thus, because there is no waiver of sovereign immunity, official capacity claims are generally not available in a *Bivens* action. "A *Bivens* claim is brought against the individual official for his or her own

acts, not the acts of others." *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (stating that in a *Bivens* action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Accordingly, the *Bivens* claims against the Postal Inspector Service defendants in their official capacities are dismissed with prejudice.

### B.     Individual Capacity Claims

Lebed also raises *Bivens* claims against the Postal Inspector Service defendants in their individual capacities. He alleges that his due process rights were violated when the defendants denied him access to public records—specifically, Postal Inspector Moore's badge number—subject to disclosure under FOIA.

"*Bivens* has been applied in the context of a Fourth Amendment case involving an unreasonable search and seizure, a Fifth Amendment gender-discrimination case, and an Eighth Amendment case involving cruel and unusual punishment for denial of medical treatment." *Johnson v. Cooke*, No. 21-12096, 2022 WL 6960974, at *n.3 (11th Cir. Oct. 12, 2022) (citing *Ziglar*, 137 S. Ct. at 1854–55). "These three [instances] . . . represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

Lebed's claim that he was denied access to public records subject to disclosure under FOIA does not fit into any of the three categories of recognized *Bivens* claims. And, the Court declines to extend *Bivens* in this context. *See Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (stating that a court's "recognizing a cause of

4

action under *Bivens* is 'a disfavored judicial activity'" and "hold[ing] that there is no *Bivens* action for First Amendment retaliation") (quoting *Ziglar*, 137 S. Ct. at 1856–67).

"'Damages can be obtained in a *Bivens* action when (1) the plaintiff has no alternative means of obtaining redress and (2) no special factors counseling hesitation are present.'" *Al-Sharif v. United States*, 296 F. App'x 740, 741 (11th Cir. 2008) (quoting *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004)). "However, 'when the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, the Supreme Court has not created additional *Bivens* remedies.'" *Al-Sharif*, 296 F. App'x at 741 (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)) (holding that "the availability of adequate statutory avenues for relief forecloses a *Bivens* action against individual IRS agents for alleged constitutional violations with respect to the collection and assessment of taxes").

"FOIA is primarily an access and disclosure statute. It provides for wide-ranging citizen access to government documents and presumes them subject to disclosure absent a clear showing to the contrary." *Freeman v. Fine*, 820 F. App'x 836, 839 (11th Cir. 2020) (quoting *Ely v. FBI*, 781 F.2d 1487, 1489 (11th Cir. 1986)). However, "[t]he denial of a FOIA request does not create a due process claim." *Freeman*, 820 F. App'x at 839 (citing *Johnson v. Exec. Office for U.S. Att'ys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (holding that "the comprehensiveness of FOIA precludes the creation of a *Bivens* remedy" when plaintiff alleged defendant's "mishandling of [a] FOIA request violated his constitutional right to due process under the Fifth

Amendment")); *see also Sharma v. Drug Enforcement Agency*, 511 F. App'x 898, 903 (11th Cir. 2013) (no *Bivens* claim because Controlled Substances Act provides an adequate alternative remedy); *Miller v. U.S. Dep't of Agr. Farm Servs. Agency*, 143 F.3d 1413, 1416 (11th Cir. 1998) (right to judicial review under Administrative Procedures Act precludes *Bivens* claim); *Rauschenberg v. Williamson*, 785 F.2d 985, 987 (11th Cir. 1986) (comprehensive nature of the Parole Commission and Reorganization Act, combined with the opportunity to seek habeas corpus relief, precludes *Bivens* remedy). Therefore, construing Lebed's complaint liberally, and accepting his factual allegations as true, Lebed cannot state a *Bivens* claim against the Postal Inspector Service defendants in their individual capacities for denying him access to public records subject to disclosure under FOIA.

### III.   Conclusion

A more carefully drafted complaint could not state a claim because Lebed cannot state a *Bivens* claim against the Postal Inspector Service defendants for denying him access to public records subject to disclosure under FOIA. Therefore, the Court **DISMISSES** Lebed's complaint (Doc. 1) with prejudice. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). The Clerk is directed to close this case.

**DONE and ORDERED** in Tampa, Florida on September 19, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge