UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RONALD N. LEBED, SR.,
    Plaintiff,

v.                                          Case No. 5:23-cv-414-KKM-PRL

UNITED STATES POSTAL
INSPECTOR SERVICE, et al.
    Defendants.
_____

**ORDER**

In two filings (Docs. 8 and 12), Ronald N. Lebed, Sr., seeks reconsideration of a prior order (Doc. 7) dismissing with prejudice his pro se civil rights complaint. First, Lebed files a paper titled "Objections to District Judgment's Findings and Recommendations," which I construe as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. (Doc. 8.) Next, he files a "Motion to Alter or Amend Judgment" under Rule 59(e). (Doc. 12.) In both filings Lebed urges me both to reconsider the dismissal with prejudice of his complaint and to reopen this action to permit him to amend his complaint.[1]

Lebed filed a complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against five employees of the United States

---

[1] Although Lebed filed a notice of appeal (Doc. 10) after moving for reconsideration, I retain jurisdiction to dispose of the Rule 59(e) motions. Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of [a motion to alter or amend the judgment under Rule 59]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

Postal Inspector Service. (Doc. 1.) He alleged that his due process rights were violated when the defendants denied him access to public records subject to disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 551, et seq. (*Id*. at 4.) He attempted to bring a claim under *Bivens* for the alleged violations.

In his pro se civil rights complaint, Lebed alleged that he was prosecuted for trafficking in methamphetamine and possession of drug paraphernalia. (*Id*. at 5.) During the prosecution, which Lebed alleged was fraudulent, the Postal Inspector Service defendants improperly withheld information that could have provided him with "insight into the policies and practices of the United States Postal Service." (*Id*.) Specifically, the defendants withheld the badge number or other identifying markers of Postal Inspector Justin Moore who testified at Lebed's criminal trial. (*Id*.) As a remedy, Lebed sought to obtain Moore's badge number and $5,000,000.00 in punitive damages for mental anguish and emotional distress. (*Id*. at 6.)

I dismissed the complaint with prejudice for failure to state a claim. (Doc. 7.) The Postal Inspector Service defendants were shielded by sovereign immunity from a *Bivens* claim asserted against them in their official capacities. (*Id*. at 3–4.) Furthermore, Lebed could not state a *Bivens* claim against the defendants in their individual capacities. (*Id*. at 4–5.) Lebed's claim that he was denied access to public records subject to discourse under FOIA does not fit into any of the categories of recognized *Bivens* claims, and I declined to extend *Bivens* in this context. (*Id*.)

Lebed now urges me to reconsider the dismissal of his pro se complaint. He argues that sovereign immunity does not bar his claims against the defendants in their official capacities because "money damages would [not] be paid from a

public treasury" nor would a judgment "interfere with public administration." (Doc. 8 at 2.) Furthermore, he argues that, even if he cannot pursue monetary relief, he should be permitted to pursue injunctive relief, specifically to obtain Moore's badge number, because he has "no alterative means of obtaining redress." (*Id*. at 5.)

Rule 59(e) authorizes a motion to alter or amend a judgment after the judgment's entry. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arther v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). The decision to alter or amend a judgment under Rule 59(e) is at the district court's discretion. *See Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Although Lebed disagrees with the earlier conclusions, he fails to establish newly discovered evidence or manifest errors of law or fact that warrant altering or amending the judgment under Rule 59(e). *See Arthur*, 500 F.3d at 1343. Instead, Lebed attempts to "relitigate old matters." *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1246 (11th Cir. 2021) (quotations omitted). Lebed cites no legal authority that waives sovereign immunity for a *Bivens* claim in this context. And, he cites no legal authority that extends *Bivens* to a claim for denial of access to public records subject to disclosure under FOIA.

3

Accordingly, Lebed's Rule 59(e) motions to alter or amend the judgment (Docs. 8 and 12) are **DENIED**.

**DONE and ORDERED** in Tampa, Florida on October 30, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge